

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00213-CV
_____

IN THE INTEREST OF A.G.D.M., A CHILD

_____

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2014-509,879, Honorable Ruben Gonzales Reyes, Presiding

_____

September 8, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is a motion to dismiss the appeal for want of jurisdiction. Andrew McDaniel appealed from an order denying his motion to stay the prosecution of a suit initiated by Stephenie Jones to terminate his parental rights. He sought to stay the action until a federal proceeding was adjudicated. The federal action apparently involved an attempt to overturn a criminal conviction purportedly underlying Jones' lawsuit.

Normally, an appellate court only has appellate jurisdiction to review final judgments. Yet, there are instances where we can review interlocutory orders. Those instances are described in § 51.014 of the Texas Civil Practice and Remedies Code.

The order from which appeal was attempted here did not finally dispose of all the parties or claims.  So, it is interlocutory.  *Cantu Servs., Inc. v. United Freedom Assocs., Inc.* 329 S.W.3d 58, 63 (Tex. App.—El Paso 2010, no pet.) (stating that an order failing to dispose of all claims by all parties is interlocutory).  Furthermore, it is not encompassed by one of the categories described in § 51.014 of the Civil Practice and Remedies Code.  Thus, we lack jurisdiction to review and must dismiss it.  *Cantu Servs., Inc. v. United Freedom Assocs., Inc., supra.*

Accordingly, the appeal is dismissed.

Per Curiam